IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MOHAMED M. MOHAMED, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-703-O |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Mohamed M. Mohamed, a federal prisoner confined in the Federal Correction Institution in Fort Worth, Texas (FCI-Fort Worth), against Rodney W. Chandler, Warden of FCI-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Petitioner is serving a 240-month term of imprisonment on his convictions in the San Antonio Division of the Western District of Texas for conspiracy to use interstate facilities in the commission of murder for-hire and conspiracy to retaliate against a witness, victim, or informant. Resp't's App. 33-34, ECF No. 8. The government produced the Declaration of Paula Macias, a Legal Instruments Examiner, setting forth the following factual background of the case:

> 3. On December 13, 2004, Petitioner Mohamed Mohamed, Register Number 67076-180, was court-martialed by the United States Air Force and convicted of assaulting his wife on multiple occasions and threatening the lives of her immediate family. While in custody Mohamed provided a confidential informant ("CI") a list of individuals he requested be murdered, many of which were individuals who provided testimony or information against him and their family members. From January 22, 2005, to April 1, 2005, Mohamed discussed the murder plots, payments, and methods of payment

with the CI and telephonically with his brother, who was to assist in locating the witnesses and procuring money orders for the payments of the murders.

4.     Upon Petitioner's initial commitment to BOP custody and prior to his designation to FCI-Fort Worth he was assigned a Public Safety Factor ("PSF") for Serious Telephone Abuse and was not permitted to use the Inmate Telephone System ("ITS").   On January 25, 2013, the Warden reviewed the telephone restriction status based on his PSF to determine whether his privileges should be restored.   The Warden approved the continued telephone restriction based on the seriousness of his current offense, his conviction, and criminal activity conducted telephonically. Specifically, telephonically discussing and instructing murder plots of various individuals, and payments and methodologies in pursuit of the plotted activity.

5.     Petitioner's telephone restriction is reviewed at least every six months, ordinarily in conjunction with his regularly scheduled Program Review, and upon request is permitted one telephone call per month.

Resp't's App. at 25-26 (footnote omitted).

## II.  ISSUES

By way of this habeas petition, Petitioner claims BOP's telephone restriction violates his "constitutionally protected right of freedom of association with his family and to equal treatment under the law by denying him telephone contact with them."  Pet. 1, ECF No. 1.  He seeks a court order enjoining Respondent from further violations or immediately releasing him from confinement. *Id.*

## III.  DISCUSSION

The Fifth Circuit holds that habeas petitions are not the proper procedural vehicles by which to remedy conditions-of-confinement claims.  *Preiser v. Rodriguez,* 411 U.S. 475, 487 (1973); *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993); *Cook v. Hanberry,* 592 F.2d 248, 248 (5th Cir. 1979).   Instead, challenges to the conditions of Petitioner's confinement and his request for

injective relief must be brought in a civil-rights complaint pursuant to 42 U.S.C. § 1983.  *Nelson v. Campbell,* 541 U.S. 637, 643 (2004).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of subject matter jurisdiction.

**SO ORDERED** on this 14th day of December, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**